IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| VARIOUS PLAINTIFFS | : | CONSOLIDATED UNDER |
| | : | MDL 875 |
| | : | |
| | : | Transferred from the |
| v. | : | Northern District |
| | : | of California |
| | : | |
| | : | Case Nos.: See Exhibit A |
| VARIOUS DEFENDANTS. | : | (attached hereto) |

M E M O R A N D U M

EDUARDO C. ROBRENO, J.                    APRIL 3, 2012

TABLE OF CONTENTS

I.    BACKGROUND............................................... 2
II.   LEGAL STANDARD........................................... 2
      A.   SUMMARY JUDGMENT STANDARD.......................... 3
      B.   THE APPLICABLE LAW................................. 5
           1.   PROCEDURAL MATTERS........................... 5
           2.   GOVERNMENT CONTRACTOR DEFENSE................ 5
           3.   STATE LAW ISSUES (MARITIME VS. STATE LAW)...... 5
      C.   BARE METAL DEFENSE UNDER MARITIME LAW.............. 8
      D.   GOVERNMENT CONTRACTOR DEFENSE...................... 8
      E.   GOVERNMENT CONTRACTOR DEFENSE AT SUMMARY JUDGMENT
           STAGE.............................................10
III.  DISCUSSION...............................................11
      A.   DEFENDANT'S ARGUMENT..............................11
      B.   PLAINTIFFS' ARGUMENTS.............................12
      C.   ANALYSIS..........................................15
IV.   CONCLUSION...............................................18

Before the Court are Motions for Summary Judgment in five (5) cases originating in California. A list of these cases appears as "Exhibit A" hereto. Each of these cases was transferred from the United States District Court for the Northern District of California, and is now part of MDL-875, the consolidated asbestos products liability multidistrict litigation

pending in the U.S. District Court for the Eastern District of Pennsylvania. For the reasons set forth below, and for each of the motions, summary judgment will be granted in part (as to alleged asbestos exposure arising from insulation) and denied in part (as to all other alleged asbestos exposure), and each case remanded to the Northern District of California for further proceedings. By stipulation dated September 22, 2011 (the "Stipulation"), counsel for plaintiff(s) in each of these cases entered into an agreement with counsel for Defendant General Electric Company that the Court's rulings on the summary judgment motions filed by Defendant in these five (5) cases (which the parties have agreed are "representative" cases) (the "Representative Cases") will be binding in approximately eighty-three (83) other cases in which the Stipulation was filed of record ("Other Cases").[1] A copy of the Stipulation appears as "Exhibit B" hereto.

I.   **BACKGROUND**

Defendant General Electric Company ("GE") manufactured turbines for use aboard Navy ships.  Each of the plaintiffs in

---

[1]     In accordance with the Stipulation, the Other Cases will be subject to the same disposition:  with respect to Defendant GE, summary judgment will be granted in part (as to alleged asbestos exposure arising from insulation) and denied in part (as to all other alleged exposure), and, upon resolution of any pending summary judgment motions filed by any other defendants, each case remanded to the Northern District of California for further proceedings.

the Representative Cases ("Plaintiffs") alleges exposure to asbestos from (1) insulation that Plaintiffs concede was not manufactured or supplied by Defendant, and (2) one or more other product that Plaintiffs contend Defendant supplied as an original asbestos-containing component part with its turbine(s).

Defendant GE has moved for summary judgment in each case on grounds of (1) the so-called "bare metal defense," and (2) the government contractor defense. GE contends that maritime law applies. Plaintiffs in each of the Representative Cases have opposed GE's motions, contending that summary judgment is not warranted because Defendant's assertion of the bare metal defense does not establish that it has no liability in these cases (as a matter of law) and does not identify the absence of a genuine dispute as to any material fact. Plaintiffs assert that California law applies.

## II. LEGAL STANDARD

### A.   Summary Judgment Standard

Summary judgment is appropriate if the moving party shows that there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a).[2] "A motion for summary judgment will not

---

[2]     The familiar formulation of "genuine issue of material fact" that was previously set forth in Federal Rule of Civil Procedure 56(c) was recently modified to read "genuine dispute as to any material fact." See Fed. R. Civ. P. 56(a). As the notes to

be defeated by 'the mere existence' of some disputed facts, but
will be denied when there is a genuine issue of material fact."
Am. Eagle Outfitters v. Lyle & Scott Ltd., 584 F.3d 575, 581 (3d
Cir. 2009) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S.
242, 247-248 (1986)). A fact is "material" if proof of its
existence or non-existence might affect the outcome of the
litigation, and a dispute is "genuine" if "the evidence is such
that a reasonable jury could return a verdict for the nonmoving
party." Anderson, 477 U.S. at 248.

In undertaking this analysis, the court views the facts
in the light most favorable to the non-moving party.  "After
making all reasonable inferences in the nonmoving party's favor,
there is a genuine issue of material fact if a reasonable jury
could find for the nonmoving party."  Pignataro v. Port Auth. of
N.Y. & N.J., 593 F.3d 265, 268 (3d Cir. 2010) (citing Reliance
Ins. Co. v. Moessner, 121 F.3d 895, 900 (3d Cir. 1997)). While
the moving party bears the initial burden of showing the absence
of a genuine issue of material fact, meeting this obligation
shifts the burden to the non-moving party who must "set forth
specific facts showing that there is a genuine issue for trial."
Anderson, 477 U.S. at 250.

---

this amendment point out, the reformulation of the standard is
stylistic in nature and without substantive change. The notes
recognize that the standard now set forth in Rule 56(a) does not
affect the continuing development of the prior decisional law,
which applied the standard as previously set forth in Rule 56(c).

B.   The Applicable Law

1.   Procedural Matters

In multidistrict litigation, "on matters of procedure, the transferee court must apply federal law as interpreted by the court of the district where the transferee court sits." Various Plaintiffs v. Various Defendants ("Oil Field Cases"), 673 F. Supp. 2d 358, 362-63 (E.D. Pa. 2009)(Robreno, J.). Therefore, in addressing the procedural matters herein, the Court will apply federal law as interpreted by the U.S. Court of Appeals for the Third Circuit. Id.

2.   Government Contractor Defense (Federal Law)

Defendant's motion for summary judgment on the basis of the government contractor defense is governed by federal law.  In matters of federal law, the MDL transferee court applies the law of the circuit where it sits, which in this case is the law of the U.S. Court of Appeals for the Third Circuit.  Various Plaintiffs v. Various Defendants ("Oil Field Cases"), 673 F. Supp. 2d 358, 362-63 (E.D. Pa. 2009)(Robreno, J.).

3.   State Law Issues (Maritime versus State Law)

In each of these cases, Defendant GE has asserted that maritime law is applicable.  Whether maritime law is applicable is a threshold dispute that is a question of federal law, see U.S. Const. Art. III, § 2; 28 U.S.C. § 1333(1), and is therefore

5

governed by the law of the circuit in which this MDL court sits.
See Various Plaintiffs v. Various Defendants ("Oil Field Cases"),
673 F. Supp. 2d 358, 362 (E.D. Pa. 2009)(Robreno, J.).  This
court has previously set forth guidance on this issue.  <u>See</u>
<u>Conner v. Alfa Laval, Inc.</u>, 799 F. Supp. 2d 455 (E.D. Pa.
2011)(Robreno, J.).

In order for maritime law to apply, a plaintiff's
exposure underlying a products liability claim must meet both a
locality test and a connection test.  <u>Id.</u> at 463-66 (discussing
<u>Jerome B. Grubart, Inc. v. Great Lakes Dredge & Dock Co.</u>, 513
U.S. 527, 534 (1995)).  The locality test requires that the tort
occur on navigable waters or, for injuries suffered on land, that
the injury be caused by a vessel on navigable waters.  <u>Id.</u>  In
assessing whether work was on "navigable waters" (i.e., was sea-
based) it is important to note that work performed aboard a ship
that is docked at the shipyard is sea-based work, performed on
navigable waters.  <u>See</u> <u>Sisson v. Ruby</u>, 497 U.S. 358 (1990).  By
contrast, work performed in other areas of the shipyard or on a
dock, (such as work performed at a machine shop in the shipyard,
for example, as was the case with the Willis plaintiff discussed
in <u>Conner</u>) is land-based work.  The connection test requires that
the incident could have "'a potentially disruptive impact on
maritime commerce,'" and that "'the general character' of the
'activity giving rise to the incident' shows a 'substantial

6

relationship to traditional maritime activity.'" <u>Grubart</u>, 513 U.S. at 534 (citing <u>Sisson</u>, 497 U.S. at 364, 365, and n.2).

### Locality Test
——

If a service member in the Navy performed some work at shipyards (on land) or docks (on land) as opposed to onboard a ship on navigable waters (which includes a ship docked at the shipyard), "the locality test is satisfied as long as some portion of the asbestos exposure occurred on a vessel on navigable waters." <u>Conner</u>, 799 F. Supp. 2d at 466. If, however, the worker never sustained asbestos exposure onboard a vessel on navigable waters, then the locality test is not met and state law applies.

### Connection Test

When a worker whose claims meet the locality test was primarily sea-based during the asbestos exposure, those claims will meet the connection test necessary for the application of maritime law. <u>Id.</u> at 467-69. But if the worker's exposure was primarily land-based, then, even if the claims could meet the locality test, they do not meet the connection test and state law (rather than maritime law) applies. <u>Id.</u>

In instances where there are distinct periods of different types (e.g., sea-based versus land-based) of exposure,

the Court may apply two different laws to the different types of exposure.  See, e.g., Lewis v. Asbestos Corp., Ltd., No. 10-64625, 2011 WL 5881184, at *1 n.1 (E.D. Pa. Aug. 2, 2011) (Robreno, J.)(applying Alabama state law to period of land-based exposure and maritime law to period of sea-based exposure).

It is undisputed that, with respect to each of the Representative Cases, the alleged exposure pertinent to Defendant GE was aboard ships. Therefore, this exposure was during sea-based work. See Conner, 799 F. Supp. 2d 455. Accordingly, maritime law is applicable to each Plaintiff's claims against Defendant GE. See id. at 462-63.

C.   Bare Metal Defense Under Maritime Law

This Court recently found that the so-called "bare metal defense" is recognized under maritime law, holding that a manufacturer has no liability for harms caused by – and no duty to warn about hazards associated with – a product it did not manufacture or distribute.  Conner v. Alfa Laval, Inc., No. 09-67099, – F. Supp. 2d –, 2012 WL 288364 (E.D. Pa. Feb. 1, 2012)(Robreno, J.).

D.   Government Contractor Defense

To satisfy the government contractor defense, a defendant must show that (1) the United States approved reasonably precise specifications for the product at issue; (2) the equipment conformed to those specifications; and (3) it

8

warned the United States about the dangers in the use of the equipment that were known to it but not to the United States. Boyle v. United Technologies Corp., 487 U.S. 500, 512 (1988). As to the first and second prongs, in a failure to warn context, it is not enough for defendant to show that a certain product design conflicts with state law requiring warnings. In re Joint E. & S.D.N.Y. Asbestos Litig., 897 F.2d 626, 630 (2d Cir. 1990). Rather, the defendant must show that the government "issued reasonably precise specifications covering warnings-specifications that reflect a considered judgment about the warnings at issue." Hagen v. Benjamin Foster Co., 739 F. Supp. 2d 770, 783 (E.D. Pa. 2010) (Robreno, J.) (citing Holdren v. Buffalo Pumps, Inc., 614 F. Supp. 2d 129, 143 (D. Mass. 2009)). Government approval of warnings must "transcend rubber stamping" to allow a defendant to be shielded from state law liability. 539 F. Supp. 2d at 783.  This Court has previously cited to the case of Beaver Valley Power Co. v. Nat'l Engineering & Contracting Co., 883 F.2d 1210, 1216 (3d Cir. 1989), for the proposition that the third prong of the government contractor defense may be established by showing that the government "knew as much or more than the defendant contractor about the hazards" of the product. See, e.g., Willis v. BW IP Int'l, Inc., No. 09-91449, 2011 WL 3818515, at *5 (E.D. Pa. Aug. 29, 2011) (Robreno, J.); Dalton v. 3M Co., No. 10-64604, 2011 WL 5881011, at *1 n.1 (E.D. Pa. Aug.

2, 2011) (Robreno, J.).  Although this case is persuasive, as it was decided by the Court of Appeals for the Third Circuit, it is not controlling law in this case because it applied Pennsylvania law.  Additionally, although it was decided subsequent to Boyle, the Third Circuit neither relied upon, nor cited to, Boyle in its opinion.

      E.   <u>Government Contractor Defense at Summary Judgment Stage</u>

         This Court has noted that, at the summary judgment stage, a defendant asserting the government contractor defense has the burden of showing the absence of a genuine dispute as to any material fact regarding whether it is entitled to the government contractor defense. <u>Compare</u> <u>Willis</u>, 2011 WL 3818515 at *9 (addressing defendant's burden at the summary judgment stage), <u>with</u> <u>Hagen</u>, 739 F. Supp. 2d 770 (addressing defendant's burden when Plaintiff has moved to remand). In <u>Willis</u>, the MDL Court found that defendants had not proven the absence of a genuine issue of material fact as to prong one of the <u>Boyle</u> test since plaintiff had submitted affidavits controverting defendants' affidavits as to whether the Navy issued reasonably precise specifications as to warnings which were to be placed on defendants' products.  The MDL Court distinguished <u>Willis</u> from <u>Faddish v. General Electric Co.</u>, No. 09-70626, 2010 WL 4146108 at *8-9 (E.D. Pa. Oct. 20, 2010) (Robreno, J.), where the plaintiffs did not produce any evidence of their own to contradict

10

defendants' proofs.  Ordinarily, because of the standard applied
at the summary judgment stage, defendants are not entitled to
summary judgment pursuant to the government contractor defense.

## III.  DISCUSSION

### A.  Defendant's Argument

<u>Bare Metal Defense</u>

        In each case, GE asserts the bare metal defense,
arguing that it is immune from liability in this case under the
defense as a matter of law and that it is, therefore, entitled to
summary judgment.

        In its reply briefs (and again during oral argument),
GE acknowledges that "GE has not moved for summary judgment on
the issues of product identification, substantial factor and
medical causation in its motion—GE elected not to raise these
issues in its motion."  (Def. Reply Mem. at 6.)  However, GE also
contends in its reply brief that summary judgment is warranted
because Plaintiffs have not produced product identification
evidence regarding gaskets, packing, and/or electrical components
– stating that "[w]hile GE has elected not to raise specific
issues of product identification or medical causation in its
motion, GE's motion expressly raises the issue of 'exposure' that
is critical here – plaintiff has not come forward with any
admissible evidence to demonstrate that GE manufactured, sold,
supplied, or placed into the stream of commerce any asbestos-

containing product to which he may have been exposed." (Def. Reply Mem. at 6.)

Government Contractor Defense

GE argues that summary judgment is appropriate because it is immune from any liability regarding Plaintiffs' allegations by way of the government contractor defense. Specifically, GE argues that the Navy exercised detailed, ongoing and ultimate control over the design and manufacture of the equipment it supplied to the Navy and over the communication of any warnings associated with that equipment. GE cites to the same evidence it cited in Faddish (which involved GE's assertion of the government contractor defense): affidavits of Admiral Ben J. Lehman, former GE engineer David Hobson, and Captain Lawrence Stilwell Betts, along with a set of Military Specifications purported to have been issued by the Navy and applicable to the GE products at issue (turbines).

**B.   Plaintiffs' Arguments**

Bare Metal Defense

Plaintiffs contend that the bare metal defense is irrelevant to (or at least not dispositive of) their cases because they do not limit their allegations of asbestos exposure to those arising from insulation. Rather, each of the Plaintiffs contends that GE supplied another asbestos-containing product

and/or original component part (e.g., electrical components, gaskets, and/or packing) such that the bare metal defense does not preclude liability on the part of GE.[3]  Significantly, Plaintiffs argue that, even when the bare metal defense is applied, Defendant GE is <u>not</u> entitled to full summary judgment in any case and is instead entitled only to partial summary judgment (as to insulation) because GE did not move for summary judgment on grounds of insufficient product identification evidence.

<u>Government Contractor Defense</u>

First, Plaintiffs argue that the government contractor defense is irrelevant as to at least one motion because the alleged asbestos exposure is not limited to that arising from products used in connection with turbines.  Rather, in at least one case, Plaintiffs contend that GE supplied asbestos-containing electrical components (not governed by Plaintiff's turbine-specific evidence pertaining to the government contractor defense), such that this defense does not preclude liability. Significantly, Plaintiffs argues that, even if the government contractor defense as invoked by GE is applied, Defendant is <u>not</u>

---

[3]     The alleged sources of asbestos exposure (other than insulation) for each plaintiff (or decedent) are as follows:
- Charles Clemmer:  original gaskets and packing
- Calvin Oxford: original gaskets and packing
- Albert Rice: original gaskets and packing
- Jack Reynolds:  original gaskets and packing
- Richard Close:  original electrical components

entitled to full summary judgment and is instead entitled only to partial summary judgment (as to parts governed by military specifications, as identified by GE) because GE has presented no evidence that the Navy (or its military specifications) required asbestos-containing <u>electrical components</u>; rather, GE's evidence pertaining to the government contractor defense deals only with asbestos-containing component parts in turbines that are governed by military specifications (e.g., insulation).

          Second, Plaintiffs argue that summary judgment in favor of Defendants on grounds of the government contractor defense is not warranted with respect to <u>any</u> of their turbine-related claims/exposures because there are genuine issues of material fact regarding its availability to Defendants. Plaintiffs contend that Defendant has (1) not produced its contract with the government or otherwise proven that it was a government contractor, (2) not demonstrated that the product at issue was "military equipment," and (3) not demonstrated a genuine significant conflict between state tort law and fulfilling its contractual federal obligations (i.e., that its contractual duties were "precisely contrary" to its duties under state tort law).  Furthermore, Plaintiffs assert that the government contractor defense is not warranted because (4) SEANAV Instruction 6260.005 makes clear that the Navy encouraged Defendant to warn, (5) military specifications merely "rubber

14

stamped" whatever warnings Defendant elected to use (or not use) and do not reflect a considered judgment by the Navy, (6) there is no military specification that precluded warning about asbestos hazards, and (7) Defendant cannot demonstrate what the Navy knew about the hazards of asbestos relative to the knowledge of Defendant, nor that the Navy knew more than it at the time.

To contradict the evidence relied upon by Defendant GE, Plaintiffs cite to(a) MIL-M-15071D, and (b) SEANAV Instruction 6260.005, each of which Plaintiffs contend indicates that the Navy not only permitted but expressly required warning.

Plaintiffs have also submitted objections to Defendant GE's evidence pertaining to the government contractor defense.

C. **Analysis**

This Court has ruled that maritime law recognizes the so-called "bare metal defense." <u>Conner</u>, 2012 WL 288364. Defendant's briefs asserting the bare metal defense discuss only insulation as the asbestos-containing product at issue. Plaintiffs concede that any insulation used in connection with GE's turbines was externally applied after their distribution and was <u>not</u> manufactured or supplied by GE. Therefore, Defendant's assertion of the bare metal defense entitles it to summary judgment with respect to Plaintiff's claims to the extent that they are related to alleged asbestos exposure arising from insulation. <u>See</u> <u>id.</u>

Importantly, however, Plaintiffs have not limited their allegations to insulation and, in fact, each Plaintiff has clarified in his or her opposition brief that he or she is alleging that Defendant GE supplied original asbestos-containing gaskets, packing, and/or electrical components for use aboard the ships at issue (e.g., original gaskets and/or packing already installed in its turbines at the time GE supplied those turbines to the Navy).[4] Defendant GE has not sought summary judgment on grounds of insufficient product identification /causation evidence.[5] Defendant has not provided an affidavit stating that it did not manufacture or supply the gaskets, packing, and/or electrical components to which Plaintiffs have alleged exposure. Therefore, as a matter of Rule 56 jurisprudence, Defendants have neither identified the absence of a genuine dispute as to any material fact, nor shifted to Plaintiffs any burden to identify product identification evidence that is sufficient to support a finding of causation with respect to original gaskets, packing,

---

[4]    See footnote 3 herein.

[5]    Defendant's assertion of the bare metal defense did not challenge the sufficiency of Plaintiffs' evidence with respect to their allegations pertaining to these asbestos-containing products (other than insulation). Defendant GE's assertion of the bare metal defense was as follows: "An equipment manufacturer like GE cannot be liable for injuries from asbestos products it did not manufacture, sell, or supply, and as a matter of law GE had no duty to warn of possible hazards from the products of other manufacturers." (Def. Mem. at 1.)

and/or electrical components from which Plaintiffs also allege asbestos exposure. See Fed. R. Civ. P. 56(a); Anderson, 477 U.S. at 250.

Government Contractor Defense

Plaintiffs have pointed to evidence that contradicts (or at least appears to be inconsistent with) GE's evidence as to whether the Navy did or did not reflect considered judgment over whether warnings could be included with asbestos-containing products. Specifically, Plaintiffs have pointed to (a) MIL-M-15071D, and (b) SEANAV Instruction 6260.005, each of which Plaintiffs contend indicates that the Navy not only permitted but expressly required warning. This is sufficient to raise genuine issues of material fact as to whether the first and second prongs of the Boyle test are satisfied with respect to Northrop Grumman. See Willis, 811 F. Supp. 2d 1146. Accordingly, summary judgment on grounds of the government contractor defense is not warranted.

In light of this determination, the Court need not reach Plaintiffs' argument that Defendant's evidence does not warrant summary judgment with respect to electrical components (i.e., products not governed by the military specifications as identified by GE). It also need not reach Plaintiffs' challenge to the admissibility of Defendant's evidence pertaining to the government contractor defense.

17

**IV.  Conclusion**

       In each of the Representative Cases (<u>see</u> Exhibit A, attached hereto), summary judgment in favor of Defendant GE is granted with respect to alleged asbestos exposure arising from insulation; however, with respect to all other alleged asbestos exposure in each of these cases, summary judgment is not warranted.  Accordingly, Defendant's motion in each case is granted in part and denied in part.

**Exhibit A**

**Motions by General Electric Company
in Various Cases Transferred from the
United States District Court for the
Northern District of California**

|  | Name of Plaintiff (or Decedent) | N.D. Cal. Case No. | E.D. PA Case No. | Doc. No. |
|---|---|---|---|---|
| 1 | Charles Clemmer | 05-4084 | 09-62917 | 27 |
| 2 | Calvin Oxford | 05-4946 | 09-64012 | 22 |
| 3 | Albert Rice | 05-4998 | 09-62922 | 16 |
| 4 | Jack Reynolds | 09-2806 | 09-80025 | 31 |
| 5 | Richard Close | 09-1269 | 09-70107 | 30 |

**EXHIBIT B**